UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA A. OLIVER,

     Plaintiff,

v.

AMERIHEALTH CARITAS
SERVICES, LLC, and BLUE CROSS
COMPLETE OF MICHIGAN, LLC,

     Defendants.

Case No. 23-13071
Honorable Laurie J. Michelson

_____

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [27]**

_____

Patricia Oliver worked as a Provider Communications Consultant in AmeriHealth's Southfield, Michigan office. (ECF No. 1, PageID.2.) Her primary responsibility was to write, edit, and publish a bi-monthly newsletter. (*Id.*) Oliver claims that throughout her employment, she was held to a different standard, punished for actions similarly situated employees were not punished for, and otherwise treated differently because she is Caucasian. (*See* ECF No. 30, PageID.576; ECF No. 14.) So after her termination, she sued AmeriHealth Caritas Services, LLC and Blue Cross Complete of Michigan, LLC for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964. (ECF No. 1, PageID.9–14.) The Defendants now move for summary judgment on those claims. (ECF No. 27.) The motion is fully briefed (ECF Nos. 30, 31) and does not require further argument. *See*

E.D. Mich. LR 7.1(f)(2). For the reasons that follow, the Defendants' motion is GRANTED.

## I.

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). That Rule governs this motion, not the Michigan Court Rules regarding summary disposition as Oliver's brief suggests. (ECF No. 30, PageID.584.) "Summary judgment is proper where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Mutchler v. Dunlap Mem'l Hosp.*, 485 F.3d 854, 857 (6th Cir. 2007) (quoting Fed. R. Civ. P. 56(a)). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphases in original). A dispute is "genuine" if the evidence permits a reasonable fact-finder to return a verdict in favor of the nonmovant, and a fact is "material" if it may affect the outcome of the suit. *See Bethel v. Jenkins*, 988 F.3d 931, 938 (6th Cir. 2021). Importantly, a party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue

for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.3 (1986) (quoting Fed. R. Civ.

P. 56(e)). But after significant time to conduct discovery, Oliver has completely failed

to do so.

## II.

This case starts and ends with what has been "conclusively established" by

Oliver's admissions. *See* Fed. R. Civ. P. 36(b).

## A.

For a period of time, Oliver was litigating the case *pro se*. But she was not a

mere bystander. For instance, she filed her own witness list (ECF No. 22) and a

second, reformatted witness list (ECF No. 24) all without counsel appearing on her

behalf on the docket. Then, on January 7, 2025, the Defendants served Oliver, via

email and mail, with requests for admission under Federal Rule of Civil Procedure

36. (ECF No. 27, PageID.153.) Oliver does not dispute receiving them. (*Id.*; *see also*

ECF No. 27-5 at PageID.307.) Oliver's current counsel appeared one week before the

responses were due. (ECF No. 25.) But neither Oliver nor her counsel responded to

the requests within that mandatory window.[1]

So they were—and remain—admitted. *See* Fed. R. Civ. P. 36(b) ("A matter

admitted under this rule is conclusively established . . . ."); *Goodson v. Brennan*, 688

---

[1] Oliver maintains that she made a "reasonable request for additional time" to respond to the Defendants' requests for admission. (ECF No. 30, PageID.581.) There is nothing in the record—save for lawyer argument in a brief—to support that assertion. (*See id.*) To be sure, it appears that Oliver's responses to the Defendants' requests were provided only after counsel for the Defendants reached out when the deadline came and went. (*See* ECF No. 27-8, PageID.534.)

F. App'x 372, 375 (6th Cir. 2017) (holding that untimely responses to requests for admission "trigger[ed] admission by operation of law") (quoting Fed. R. Civ. P. 36(a)(3)). That is, Oliver has admitted the Defendants' 117 requests, which are now "conclusively established" and, as explained below, warrant the grant of summary judgment. (*See* ECF No. 27-4, PageID.252–272.) And these "conclusive admissions 'cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the record.'" *Goodson*, 688 F. App'x at 376 (quoting *Williams v. Wells Fargo Bank, N.A.*, 560 Fed. Appx. 233, 244 (5th Cir. 2014)).

## B.

Oliver resists this outcome on three primary grounds. (*See* ECF No. 30, PageID.581–583.) None persuade.

## 1.

Oliver first points to her path of securing counsel—a supposed "unavoidable disruption" that should apparently override Rule 36. (*Id.* at PageID.581.) Based on what she describes as her "constitutional and procedural right to counsel," Oliver says she "should not be penalized for exercising that right" when she tried to secure new counsel in this case given "circumstances beyond her control." (*Id.*) To start, Oliver does not have a constitutional right to counsel in a civil action that she filed. *See Locke v. City of Cookeville*, 77 F.3d 482 (6th Cir. 1996) ("A plaintiff simply does not have a Sixth Amendment right to counsel in a civil case.") (citing *Lavado v. Keohane,* 992 F.2d 601, 605–06 (6th Cir. 1993)). Nor does she advance argument—or provide explanation—of a supposed "procedural right to counsel." (ECF No. 30, PageID.581.)

4

And the Court has been more than flexible as Oliver navigated apparent roadblocks to securing counsel.

Start from the beginning. On May 18, 2024, Oliver's initial counsel moved to withdraw (ECF No. 16), citing a transition to an in-house counsel role (*id.* at PageID.99). The Court granted that motion, ordering that "the case will be stayed for 30 days to give Oliver an opportunity retain new counsel." (ECF No. 17. PageID.102.) The Court explained, however, that "[i]f new counsel has not appeared by that time, the Court will assume that means Oliver will be representing herself." (*Id.*) The Court further ordered that Oliver's outgoing counsel serve a copy of the order on Oliver and docket completion of the same. (*Id.*) Counsel did exactly that. (ECF No. 18.)

After the expiration of the 30-day period, Oliver moved for a 90-day extension of time to retain new counsel. (ECF No. 19.) Oliver explained that she has "diligently pursued identifying new counsel, but has so far not yet been able to retain one that will adequately represent her in this matter." (*Id.* at PageID.105.) The Court granted Oliver's request for a three-month stay of the case. (Text-Only Order, June 21, 2024.)

76 days later came Oliver's second motion for another three-month extension of time to retain new counsel. (ECF No. 20.) Oliver explained that "[s]ince the granting of the first 90-day stay, [she] has continued to diligently pursue obtaining new counsel without success." (*Id.* at PageID.108.) The Court granted that request in part, providing Oliver with 30 additional days to retain new counsel. (Text-Only Order, September 6, 2024.)

A month and a half later, there was still no new counsel. The Court thus lifted the stay, amended the scheduling order, and unambiguously explained to Oliver that as of October 31, 2024 "she is now proceeding pro se." (ECF No. 21, PageID.111.) Oliver's current counsel appeared nearly 100 days later. (ECF No. 25.)

The Court accommodated Oliver's many requests. She is far from being "penalized" for her supposed roadblocks at securing counsel. Her argument thus does not provide an escape from Rule 36's grasp.

## 2.

Oliver next maintains that "admissions under Rule 36 are not self-executing," and here the Defendants "never moved to have the RFAs deemed admitted" so they "cannot now rely on a procedural argument they chose not to preserve through proper motion practice." (ECF No. 30, PageID.582.) This fundamentally misinterprets Rule 36. The Rule provides that "[a] matter *is admitted* unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3) (emphasis added); *Goodson*, 688 F. App'x at 375 (describing the self-executing nature of a request for admission "[b]y operation of law"). Oliver's misunderstanding about Rule 36 will not rescue her from its mandatory consequences.

## 3.

Oliver finally avers that "[u]nder Rule 36(b)," "admissions may be withdrawn," even if the "responses are untimely." (*Id.*) That may be true. But Rule 36(b) requires

a party actually move to withdraw or amend an admission. "A matter admitted under this rule is conclusively established unless the court, *on motion*, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b) (emphasis added); *Goodson*, 688 F. App'x at 375 ("Rule 36(b) gives the district court discretion *if* a party moves the district court.") (emphasis in original). The Sixth Circuit explained:

> Plaintiffs did not make any motion for relief on this matter. Plaintiff does not contest this. However, Plaintiff appears to suggest that this discretion ought to be exercised sua sponte where the requesting party will not be prejudiced by the delayed response. Plaintiff cites no authority for this proposition, however, and such an interpretation contravenes the plain language of Rule 36.

*Id.* Oliver never moved to have the admissions withdrawn or amended, so her argument that "Defendants cannot demonstrate prejudice" as a path to avoid Rule 36 fails to persuade. (ECF No. 30, PageID.582–583.)

### III.

As a result of the above, Oliver's claims fail because her admissions prevent the survival of her race discrimination and retaliation claims under Title VII (which is the basis of her claims, not ELCRA as she references in her brief) (ECF No. 30, PageID.587–590). *See Goodson*, 688 F. App'x at 376 ("Because Plaintiff admitted, and therefore conclusively established, facts that preclude her success on either claim, we affirm [the motion for summary judgment].").

Under Title VII, a prima facie case of discrimination requires that a plaintiff show "1) [s]he is a member of a protected class; 2) was qualified for the job; 3) [s]he suffered an adverse employment decision; and 4) was replaced by a person outside the protected class or treated differently than similarly situated non-protected

employees." *Newman v. Fed. Exp. Corp.*, 266 F.3d 401, 406 (6th Cir. 2001) (citation omitted).[2] And a prima facie case of retaliation under Title VII requires that a plaintiff show "(1) [s]he . . . engaged in protected activity, (2) the employer knew of the exercise of the protected right, (3) an adverse employment action was subsequently taken against the employee, and (4) there was a causal connection between the protected activity and the adverse employment action." *Laughlin v. City of Cleveland*, 633 F. App'x 312, 315 (6th Cir. 2015) (citation omitted).

Beginning with her race discrimination claim (ECF No. 1, PageID.9–11), it fails because Oliver admitted that she has "no facts" to show that "race played any role in any disciplinary decision" or "the decision to terminate" her employment. (ECF No. 27-8, PageID.268.) *See* 42 U.S.C. § 2000e-2(a)(1) (Title VII prohibits an employer from "discriminat[ing] against any individual with respect to . . . race.); *Goodson,* 688 F. App'x at 377 (applying Title VII to affirm district court's conclusion that "this admission alone effectively precludes" the plaintiff's sex-based claim where the plaintiff admitted, by operation of law, that the adverse employment decision was "not based on Plaintiff's sex or gender"). And Defendants provided unrefuted evidence that Oliver's persistent performance issues, and not discrimination, were the reason for her termination. (ECF No. 27, PageID.144–151, 161–162 (citing requests for admissions, two sworn declarations, and transcript of Oliver's deposition).)

---

[2] A plaintiff who is a member of a majority group faces no higher evidentiary burden for a Title VII discrimination claim. *See Ames v. Ohio Dep't of Youth Servs.*, 605 U.S. 303 (2025).

It is true that Oliver relies on a single unauthenticated exhibit to suggest that "when non-Caucasian colleagues failed to submit content on time, no corrective action was taken." (ECF No. 30. PageID.579); ECF No. 30-1.) That is insufficient—especially in light of the Defendants' significant evidentiary showing, which included 117 admitted requests, two sworn declarations, and a full transcript of its deposition of Oliver. (ECF No. 27-2, 27-3, 27-4, 27-5.) There is nothing to indicate where the underlying information in the chart came from, let alone to establish its reliability. Oliver's response simply does not create a "genuine dispute of material fact" because it neither cites any record evidence to show a fact dispute (let alone a "genuine" one) nor addresses the Defendants' evidence. *See Alzid v. Porter*, No. 23-2098, 2024 WL 4579427, at *5 (6th Cir. Oct. 25, 2024) ("When the moving party has met [its] burden of showing that no genuine dispute of material fact exists, the non-movant cannot rest on pleadings to establish that a genuine dispute of material fact does exist.") (citation omitted). Similarly, Oliver's entire pretext argument in response to the Defendants' asserted legitimate, nondiscriminatory reason for its actions is devoid of any record support. (*See* ECF No. 30, PageID.592.) That does not create a "genuine dispute of material fact" sufficient to withstand summary judgment.

The same fate finds Oliver's retaliation claims. As to her claim that the Defendants retaliated against her for filing a charge with a governmental agency (ECF No. 1, PageID.13–14), Oliver admitted that she has "no facts" to support her claim that her complaints to any governmental agency "played any role in the decision to terminate" her employment. (ECF No. 27-4, PageID.269–270.) And

9

regarding alleged retaliation for Oliver filing an internal complaint, she also admitted that she "has no knowledge" that her internal complaint "played any role in any disciplinary decision." (*Id.* at PageID.270.) Among others, these admissions preclude Oliver from supporting a prima facie case for either of her retaliation claims. *See* 42 U.S.C. § 2000e-3(a); *Rogers v. Henry Ford Health Sys.*, 897 F.3d 763 (6th Cir. 2018) (a prima facie case for Title VII retaliation requires "a causal connection between the protected activity and the materially adverse action"). And Oliver's admissions aside, she has not satisfied her burden to show that the Defendants' legitimate, nondiscriminatory reasons for its actions—Oliver's persistent performance deficiencies, supported by unrefuted evidence (ECF No. 27, PageID.144–151, 161–162)—were pretextual for retaliation. Indeed, the single paragraph Oliver dedicates to showing supposed pretext is devoid of any record support. (ECF No. 30, PageID.592.) That fails to create a "genuine dispute of material fact" sufficient to withstand summary judgment. Fed. R. Civ. P. 56(a).

### IV.

For the reasons above, Oliver admitted the Defendants' requests, which are "conclusively established" "by operation of law." And in light of Oliver's failure to carry her summary judgment burden, these admissions doom her claims. The Defendants' motion (ECF No. 27) is thus GRANTED.

IT IS SO ORDERED.

10

Dated: March 12, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
